UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JESUS MANUEL ZUNIGA,<br><br>    Defendant. | Case No. 1:18-cr-00347-BLW<br><br>**ORDER AUTHORIZING PAYMENT FROM INMATE TRUST ACCOUNT** |

Before the Court is the Government's Motion to Authorize Payment from Inmate Trust Account. Dkt. 31. No opposition has been filed to the motion. For the reasons discussed below, the Court will grant the motion.

## BACKGROUND

In April 2019, Defendant Jesus Manuel Zuniga pleaded guilty to Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Dkt. 27. On July 13, 2019 he was sentenced to 63 months of imprisonment, four years of supervised release, a $100 special assessment, and a fine of $1,000. *See* Dkt. 27. Zuniga is the custody of the Bureau of Prisons (BOP) and is currently housed at FCI Fairton with an expected release date of February 5, 2023.

To date, Zuniga has paid nothing toward his criminal monetary penalties, which leaves a balance of $1,100.00 owing.

The Government represents that it was recently informed that Zuniga has substantial funds of approximately $680.36 in his inmate trust account maintained by BOP. The Government asks the Court, pursuant to 18 U.S.C. §§ 3613(a), 3613(c), and 3664(n), enter an order authorizing the BOP to turn over to the Clerk of the Court the funds held by BOP in Zuniga's inmate trust account as payment for the unpaid criminal monetary obligations imposed on him in this case.

The Government served a copy of its motion on Zuniga and is not aware of any other party who may claim an interest in his property. Zuniga has not filed an opposition or otherwise responded to the motion and the time to do so has run.

## ANALYSIS

Procedures and remedies for enforcing criminal monetary penalties and restitution are set out in 18 U.S.C. §§ 3613, 3664. Section 3613 provides, in relevant part, that a fine or an order of restitution is to be treated as a "lien in favor of the United States on all property and rights to property of the person fined," or against whom an order of restitution is issued, with some specified exceptions. 18 U.S.C. § 3613(a), (c), (f). The specified exceptions do not apply to property in the form of cash. *See* 18 U.S.C. § 3613(a)(1)-(3).

Moreover, the Crime Victims' Rights Act (CVRA) provides that a crime victim has "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). In addition, the Mandatory Victims' Restitution Act (MVRA) requires: "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

Some courts have recognized that the Government may pursue immediate or adjusted enforcement of criminal monetary sanctions as long as the judgment contains no language to the contrary. *See United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004); *United States v. Webb*, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see also United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) ("Participation in the IFRP and compliance with a payment schedule does not preclude[ ] the Government from using other available collection mechanisms to seek payment of monetary penalties"). *But see United States v. Armstrong*, No. 09-CR-135 (BAH), 2020 WL 136289, at *6 (D.D.C. Jan. 13, 2020) (declining to compel restitution payment from an inmate's trust account, when the restitution order "limits payments to $50 per quarter during the defendant's term of incarceration").

Here, the Judgment against Parlor does not contain any statement precluding the immediate or adjusted enforcement of the fine assesssed, nor is it worded in terms of limiting the amount of payment due. *See* Dkt. 27 at 7. To the contrary, the Judgment states that while in custody, Zuniga "shall submit nominal payments of *not less than* $25 per quarter." *Id.* (emphasis added).

As discussed above, Zuniga has a balance of $1,100.00 owing on the $1,100 monetary penalties imposed in this case . He currently has funds in the amount of approximately $680.36 in his inmate trust account maintained by the BOP. The Court will therefore grant the Government's motion and require the BOP to deliver to the Clerk of the Court all funds in Nieto's inmate trust account in an amount not to exceed $1,100.00.

## ORDER

**IT IS ORDERED** that:

1. The Government's Motion to Authorize Payment from Inmate Trust Account (Dkt. 31) is **GRANTED**.

2. BOP shall deliver to the Clerk of the Court all funds not to exceed $1,100.00 from Defendant Jesus Zuniga's inmate trust account.  The Clerk of the Court shall apply these funds as payment towards the

criminal monetary obligations owed by Defendant Jesus Zuniga in this case.

DATED: December 22, 2021

_____
B. Lynn Winmill
U.S. District Court Judge